# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PATRICIA ANN GRIMM, as Trustee
of the Patricia Grimm Revocable Trust,

    Plaintiff,

v.                                               Case No: 5:14-cv-51-Oc-30PRL

U.S. BANK NATIONAL
ASSOCIATION,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss Amended Complaint (Doc. 26) and Plaintiff's response in opposition thereto (Doc. 28).[1] The Court, having reviewed the motion, response, and applicable pleadings, and being otherwise fully advised in the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff Patricia Ann Grimm as trustee of the Patricia Grimm Revocable Trust (the "Trust") initiated this action against CountryPlace Mortgage, Ltd. ("CountryPlace") and U.S. Bank in the Fifth Judicial Circuit in and for Lake County, Florida, seeking, among other things, to quiet title to a property located at 22500 Will Murphy Road, Umatilla,

---

[1] Plaintiff failed to timely file a response to U.S. Bank's motion to dismiss. Accordingly, the Court issued an order to show cause directing Plaintiff to either file a response to the motion to dismiss or to otherwise explain why the motion should not be considered unopposed. (Doc. 27). Plaintiff then filed a response (Doc. 28), which the Court accepts.

Florida 32748 (the "Property"). (Doc. 2). U.S. Bank, with consent from CountryPlace, removed the case to this Court on January 24, 2014. (Docs. 1, 3). U.S. Bank and CountryPlace then filed a joint motion to dismiss Plaintiff's complaint (Doc. 4), which Plaintiff opposed (Doc. 11). On August 15, 2014, the Court granted the joint motion to dismiss, but because Plaintiff was proceeding pro se, the Court provided Plaintiff an opportunity to file an amended complaint. (Doc. 12). Subsequently, Plaintiff obtained counsel and filed an amended complaint.[2] (Doc. 23). Plaintiff also filed a notice dropping CountryPlace as a defendant.[3] (Doc. 22). U.S. Bank now seeks dismissal of Plaintiff's amended complaint. (Doc. 26).

The facts alleged in Plaintiff's amended complaint do not differ from the facts as alleged in the original complaint. Namely, by her amended complaint, Plaintiff alleges that on June 1, 2007, Plaintiff executed a note and mortgage in favor of CountryPlace, the original mortgagee. (Doc. 23, Ex. B). The mortgage secured a $169,868.45 loan to the borrowers[4] and encumbered the Property. (*Id.*). On the same day, CountryPlace assigned the note and mortgage to CountryPlace and then to U.S. Bank.[5] These assignments were

---

[2] The amended complaint is labeled as the "Second Amended Complaint," but is, in fact, the first amended complaint. (*See* Doc. 23). Accordingly, the Court refers to it as the amended complaint.

[3] It appears that Plaintiff forgot that she filed a notice dropping CountryPlace as a defendant because she refers to CountryPlace as a defendant in her response to U.S. Bank's motion to dismiss. (Doc. 28). Plaintiff is therefore reminded that CountryPlace is no longer a defendant in this action.

[4] The mortgage also lists Barry Grimm and Nancy M. Henke as borrowers. (Doc. 23, Ex. B). However, it is unclear from the amended complaint and its attachments what interest these individuals may have in the Property.

[5] According to the assignment attached to Plaintiff's amended complaint, the assignment from CountryPlace to CountryPlace is dated June 4, 2007, and the assignment from CountryPlace to U.S. Bank is dated June 1, 2007. (Doc. 23, Exs. C, D).

not recorded until March 27, 2009. (*Id.*, Exs. C, D). On June 15, 2009, Plaintiff executed a "trust deed" that conveyed the Property to the Trust, of which Plaintiff is the trustee. (*Id.*, Ex. A).

In the amended complaint, Plaintiff alleges for a variety of reasons that U.S. Bank's note and mortgage constitute an invalid encumbrance, i.e., a cloud, upon the Property and she seeks to quiet title in favor of the Trust.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 8(a)(2), to state a claim for relief a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." [6] While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. Analysis

Plaintiff seeks to quiet title to the Property asserting that U.S. Bank's mortgage is a cloud on the Trust's title. A cloud is "an outstanding instrument, record, claim, or encumbrance that is invalid or inoperative but which may nevertheless impair the title to the property." *Lane v. Guar. Bank*, No. 6:13-cv-85-Orl-18DAB, 2013 WL 1296751, at *2 (M.D. Fla. Apr. 1, 2013) (citation and internal quotation marks omitted). Under Florida law, to state a claim to quiet title, a plaintiff must allege not only plausible facts showing plaintiff's title to the property but also plausible facts showing that a cloud exists. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Id.*; *see also Sliptchuik v. ING Bank*, No. 6:13-cv-460-Orl-28GJK, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013).

Plaintiff has alleged sufficient plausible facts establishing the Trust's title to the Property. (*See* Doc. 23, Ex. A). At issue is whether Plaintiff has alleged sufficient plausible facts showing that a cloud exists. Attached to Plaintiff's amended complaint is a

---

[6]Plaintiff alleges that the Federal Rules of Civil Procedure do not apply to her amended complaint because it was filed in state court and her amended complaint complies with the Florida pleading standards. (Doc. 28 at 9). However, "[t]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438 (1974); *see also* Fed. R. Civ. P. 81 (stating that the federal rules "apply to a civil action after it is removed from state court"). And, in any event, Plaintiff's amended complaint was filed after the action was removed, and, therefore, must comply with the federal pleading standards.

copy of the mortgage, originally held by CountryPlace, and the assignments of the mortgage and note. (*Id.*, Exs. B, C, D). The Court also considers the note attached to U.S. Bank's motion to dismiss.[7] (Doc. 26, Ex. 1).

Plaintiff contends that U.S. Bank's note and mortgage are invalid for several reasons. Plaintiff alleges that the note and mortgage are invalid because (1) U.S. Bank refused to make presentment of the note and mortgage pursuant to § 673.5011(2), Fla. Stat.; (2) the recorded mortgage is not the agreement originally entered into by Plaintiff; (3) the assignments of the note and mortgage were not properly prepared or recorded in accordance with § 701.02, Fla. Stat.; (4) Plaintiff was not informed in writing of the assignments of the note and mortgage; (5) U.S. Bank is not the holder in due course of the note; and (6) U.S. Bank made misrepresentations regarding its ownership of the note and mortgage. (Doc. 23 at 4-5).

**1. Failure to make presentment**

Plaintiff first asserts that the note and mortgage are invalid because U.S. Bank failed to comply with § 673.5011(2)(b), Fla. Stat. Chapter 673, Florida Statutes, is Florida's codification of Article 3 of the Uniform Commercial Code, which pertains to negotiable instruments.[8] Section 673.5011 governs presentment of a negotiable instrument, which is

---

[7]The Court considers the note without converting the motion into a motion for summary judgment because the note is central to Plaintiff's claim and the authenticity of the note is not challenged. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (stating that a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed").

[8]U.S. Bank contends that § 673.5011(2)(b) does not apply because a mortgage is not a negotiable instrument. While a mortgage is not a negotiable instrument, the note underlying that mortgage is a negotiable instrument. *See, e.g., Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So. 3d 58, 61 (Fla. 4th DCA 2012) (stating that a promissory note is a negotiable instrument but a

a "demand made by or on behalf of a person entitled to enforce an instrument . . . [t]o pay the instrument." § 673.5011(1)(a). Section 673.5011(2)(b) provides,

> Upon demand of the person to whom presentment is made, the person making presentment must:
>
> 1. Exhibit the instrument;
>
> 2. Give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so; and
>
> 3. Sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Plaintiff contends that pursuant to § 673.5011(2)(b), U.S. Bank was obligated to produce the original note and mortgage to Plaintiff. (Doc. 23 at 4). Assuming U.S. Bank was required to comply with § 673.5011(2)(b), Florida law does not support Plaintiff's contention that failure to comply with § 673.5011 renders the note and mortgage invalid. Additionally, the note contains a provision in which Plaintiff waived presentment: "[Plaintiff] and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor." (Doc. 26, Ex. 1 at 2); *see also Chris Craft Indus., Inc. v. Van Valkenberg*, 267 So. 2d 642, 646 (Fla. 1972).

**2. Recorded mortgage is not the original mortgage agreement.**

Next, Plaintiff avers that the recorded mortgage is not the agreement that she entered into with CountryPlace. However, she does not identify how the recorded mortgage differs from the supposed "true" mortgage, and her bald assertion that the recorded mortgage is not the original agreement is insufficient to support her assertion. Moreover, as discussed

---

mortgage is not); *Harvey v. Deutsche Bank Nat'l Trust Co.*, 69 So. 3d 300, 303 (Fla. 4th DCA 2011) (holding that a promissory note was a negotiable instrument).

in more detail below, the recording system is not intended to benefit mortgagors as they already have knowledge of the mortgage. So even if the recorded mortgage was not the original mortgage, the failure to record the correct mortgage would not render the mortgage invalid as against the mortgagor.

It also appears that Plaintiff may believe that U.S. Bank is required by law to present the original note, or as Plaintiff terms it, the "wet ink" version of the note. (Doc. 28 at 5). To the extent Plaintiff holds such belief, it is erroneous. While it is true that pursuant to Florida's "best evidence rule,"[9] to establish ownership of a note in a court proceeding, the mortgagee must produce the original note, such requirement is a rule of evidence and does not extend to a general demand by the mortgagor to produce the original note. Plaintiff cites no Florida law to support her proposition that U.S. Bank is required to present to Plaintiff the original note for examination.

**3. Assignments of the note and mortgage were not properly prepared or recorded.**

Third, Plaintiff alleges that the mortgage is invalid because the assignments of the note and mortgage were not properly prepared or recorded under § 701.02, Fla. Stat. According to Plaintiff, filing the assignments two years after they were prepared somehow renders them invalid. Like Plaintiff's other contentions, this contention is not supported by Florida law. Additionally, § 701.02 is not applicable to a mortgagor. Section 701.02 provides,

---

[9] Specifically, § 90.953, Fla. Stat., generally allows a duplicate to be admissible in evidence to the same extent as an original. However, the rule contains several exceptions, including that a duplicate is not admissible to the same extent as the original if the "document or writing is a negotiable instrument." § 90.953(1), Fla. Stat.

7

> An assignment of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, *against creditors or subsequent purchasers*, for a valuable consideration, and without notice, unless the assignment is contained in a document that, in its title, indicates an assignment of mortgage and is recorded according to law.

(Emphasis added). Thus, by its very terms § 701.02 applies only to creditors and subsequent purchasers, not to mortgagors.[10] *In re Halabi*, 184 F.3d 1335, 1338 (11th Cir. 1999) ("The recording requirement is not intended to protect one claiming under a mortgagor—against whose property there is already a perfected mortgage—with respect to subsequent assignments of the mortgage. The mortgagor has actual notice of the original mortgage, and anyone claiming under the mortgagor has constructive notice if the mortgage is recorded. From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest—whether recorded or not—does not change the nature of the interest of the mortgagor or someone claiming under him. Nor should a failure to record any subsequent assignment afford the mortgagor or the trustee standing in his shoes an opportunity to avoid the mortgage."). Contrary to Plaintiff's assertion, failure to record an assignment (or recording it late) has no bearing on the validity of the note and mortgage. *See Fuller v. Mortg. Elec. Registration Sys., Inc.*, 888 F. Supp. 2d 1257, 1274 (M.D. Fla. 2012) ("[U]nder Florida law, [recording] is at the complete discretion of the party wishing to record the document. . . . [T]here is no statute or judicial decision that *requires* the recording of mortgage assignments.").

---

[10] In fact, the very title of § 701.02—Assignment not effectual against *creditors* unless recorded and indicated in the title of the document (emphasis added)—reflects that § 701.02 applies only to those with competing interests with a mortgagee and not to the mortgagor.

### 4. Plaintiff was not informed in writing of assignments of note and mortgage

Fourth, Plaintiff contends that the note and mortgage are invalid because she did not receive notice in writing of the assignment as required by 12 U.S.C. § 2605.  First, like § 701.02, Fla. Stat., § 2605 is not applicable to the note and mortgage at issue in this case.  Section 2605 applies to the assignment, sale, or transfer of *loan servicing*, not to the assignment, sale, or transfer of the note and mortgage itself.  And, even if § 2605 applied to the assignment of the note and mortgage, failure to comply with that provision does not render the note and mortgage invalid.  *Cf. Lane v. Guaranty Bank*, No. 6:13-CV-259-36TBS, 2014 WL 1088307, at *4 (M.D. Fla. Mar. 20, 2014) (finding no support for a mortgagor's contention that a lack of notice of an assignment renders the underlying note and mortgage invalid).

### 5. U.S. Bank is not the holder in due course of the note and mortgage.

Fifth, Plaintiff contends that the note and mortgage are invalid because U.S. Bank is not the holder in due course of the note and mortgage.  However, it is unclear from the amended complaint why Plaintiff asserts that U.S. Bank is not the holder in due course.  To the extent the allegation is based on Plaintiff's contentions that the note and mortgage are invalid for the reasons discussed above, Plaintiff's argument fails.  Otherwise, Plaintiff's bald assertion that U.S. Bank is not the holder in due course is conclusory and insufficient to establish a claim upon which relief could be granted.  Moreover, even if U.S. Bank was not the holder in due course of the note and mortgage, this allegation does not establish that the note and mortgage are invalid.

### 6. Misrepresentation

Finally, Plaintiff appears to allege that U.S. Bank misrepresented its ownership of the note and mortgage. If U.S. Bank is not the owner of the note and mortgage, it does not necessarily mean that the note and mortgage are invalid. Rather, such misrepresentation would affect U.S. Bank's standing to enforce the note and mortgage. But a claim to quiet title is not the proper vehicle in which to challenge U.S. Bank's standing to enforce the note and mortgage. Also, a claim for misrepresentation is subject to the same heightened pleading requirements under Federal Rule of Civil Procedure 9(b) as fraud.[11] Because Plaintiff's allegations are conclusory and do not reference the specifics of the misrepresentation, the claim is deficient and fails as a matter of law.[12]

### CONCLUSION

None of the reasons provided by Plaintiff establish that the note and mortgage are an invalid encumbrance upon the Property such that the note and mortgage constitute a cloud. Because Plaintiff has failed to establish that a cloud exists, she has failed to state a claim to quiet title. Thus, the amended complaint should be dismissed.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant U.S. Bank's Motion to Dismiss Amended Complaint (Doc. 26) is **GRANTED**.

---

[11]Specifically, Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

[12]Plaintiff raised a claim for misrepresentation in the original complaint using the exact same language, which the Court found insufficient to support a claim for misrepresentation. Plaintiff's attempt to plead misrepresentation as grounds for a quiet title action fails for the same reasons.

10

2. Plaintiff's amended complaint (Doc. 23) is **DISMISSED without prejudice**.

3. Plaintiff is granted leave to file a second amended complaint on or before **December 22, 2014**. Plaintiff may not add any new claims. Rather, Plaintiff is limited to alleging plausible facts that would support a claim to quiet title under Florida law.

4. Plaintiff and Plaintiff's counsel are cautioned that if Plaintiff files a second amended complaint, Plaintiff must allege plausible facts to support her claim to quiet title. Failure to allege plausible facts supporting her claim to quiet title may subject Plaintiff and Plaintiff's counsel to sanctions.

5. Failure to file a second amended complaint in the time provided may result in dismissal of this case without further notice. **No extensions of time will be granted.**

**DONE** and **ORDERED** in Tampa, Florida this 25th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-51 Grimm v. U.S. Bank Nat'l Assoc..docx